IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JUANITA HAMMOND, on behalf of
herself and all others similarly situated**

    **Plaintiff,**

**v.**

**SOLUTIA INC. EMPLOYEES'
PENSION PLAN,**

    **Defendant.**                                   **Case No. 06-CV-139-DRH**

### ORDER

**HERNDON, District Judge:**

      This matter comes before the Court on Applicants'[1] Motion to Intervene (Doc. 17).  On its face, the instant matter seems appropriate for intervention pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 24(b)(2)**.  Further, the parties in the instant matter do not object to the Motion to Intervene.  Accordingly, the Court **GRANTS** Applicants' Motion to Intervene (Doc. 17).  Applicants will now be referred to as "Plaintiff-Intervenors."

      The Court notes that Plaintiff-Intervenors filed several pleadings shown on the docket in the instant case before their Motion to Intervene was granted, so technically, these were "proposed" pleadings.  Now that the Motion to Intervene has been granted, the Court also **ORDERS** the following be deemed **FILED *INSTANTER***:

---

[1] Applicants are attorneys for Plaintiffs in the pending case of ***Davis v. Solutia*, Case No. 05-CV-736**-DRH, also filed in the United States District Court for the Southern District of Illinois.

- Plaintiff-Intervenors' **Response in Opposition to Motion to Appoint Interim Class Counsel** (Doc. 23) and **supporting memorandum** (Doc. 24);

- Plaintiff-Intervenors' **Response in Opposition to Motion to Consolidate Cases** (Doc. 25) and **supporting memorandum** (Doc. 26); and

- Plaintiff-Intervenors' **Reply to Response to Motion to Intervene and Motion to Stay** (Doc. 27).

Attached to their Motion to Intervene (Doc. 17) was the following proposed motion: Plaintiff-Intervenors' Motion to Stay, Initial Opposition to Motion to Appoint Interim Lead Counsel and Request for Leave to File Additional Response to Motion to Appoint Interim Counsel and supporting memorandum. Plaintiff-Intervenors are hereby allowed to file this motion and supporting memorandum, but because these do not already appear on the docket, they cannot be deemed filed *instanter*.[2]

**IT IS SO ORDERED.**

Signed this 10th day of April, 2006.

/s/     David RHerndon
**United States District Judge**

---

[2] The Court would like to point out that attaching the proposed motions and/or moving for leave to file certain proposed motions is the proper way to approach filing pleadings before a party has standing or other authorization to do so. Plaintiff-Intervenors filed Docs. 23 through 27 prematurely – they should have moved for leave to file contingent upon the Court ruling on their Motion to Intervene. But because they were unsure when their Motion to Intervene would be ruled upon, Plaintiff-Intervenors felt they needed to get their opposing Responses on file in order to protect their interests, even though this was not customary procedure. Therefore, to simplify matters, the Court will not strike these pleadings and require them to be re-filed. Instead, Docs. 23 through 27 will be considered filed as of the date of this Order.