IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JUANITA HAMMOND, on behalf of
herself and all others similarly situated,**

    Plaintiff,

    vs.

**SOLUTIA, INC. EMPLOYEES' PENSION PLAN,**

    Defendant.                                         Case No. 06-cv-139-DRH

### ORDER

**HERNDON, District Judge:**

    In this case, plaintiff Juanita Hammond filed a Motion to Appoint Interim Class Counsel (Doc. 14), to which intervenor plaintiffs filed their opposing Response (Doc. 24). Now, plaintiff Hammond has filed motion requesting permission from the Court to file her Reply to the opposing Response *in camera* (Doc. 35). The parties to this case have not opposed this Motion.

    Plaintiff Hammond explains that the reason she believes her Reply should be filed *in camera* because it is necessary to disclose information consisting of her attorneys' work product, knowledge of applicable law and expended resources, in order to properly comply with **FEDERAL RULE OF CIVIL PROCEDURE 23(g)** (Doc. 35, ¶ 2). Plaintiff Hammond believes that such information could then be "unjustifiably used by defendant Solutia to attack the class claims" (*Id*. at ¶ 3). Additionally,

plaintiff Hammond does not feel defendant Solutia will be prejudiced by her request, as an analysis under **Rule 23(g)** requires the Court to determine which counsel is "best able to represent the interests of the class," and therefore, defendant Solutia's interests are not really at stake (*Id*. at ¶ 6).  Plaintiff also correctly points out that the Notes to Rule 23 - Subdivision (g) - Paragraph 1(C) states that "[s]ome information relevant to class counsel appointment may involve matters that include adversary preparation in a way that should be shielded from disclosure to other parties.  An appropriate protective order may be necessary to preserve confidentiality."

As this is a discretionary matter,[1] and the Court believes plaintiff Hammond has shown good cause for her request, her Motion to Seal (*In Camera*) Reply in Support of Motion to Appoint Interim Class Counsel (Doc. 35) is hereby **GRANTED** in order that she may continue to protect work product information.  However, the Court strongly urges plaintiff Hammond to take heed to limit what is filed *in camera* within her Reply to only those matters that are actually privilege protected against defendant Solutia.

In other words, if possible, Plaintiff should file two Replies – one should be filed under seal/*in camera*, and the other should be filed normally, with the privileged information portions redacted.  If plaintiff Hammond feels that this is *not* possible (i.e., – the entire Reply consists of privilege protected information), then simply one version of the Reply, filed under seal/*in camera* will suffice.  However, if

---

[1] See **U.S. v. Zolin**, **491 U.S. 554, 572 (1989)**.

the Court determines otherwise, the Reply will be stricken with guidance on how to properly re-file.

**IT IS SO ORDERED**

Signed this 20th day of April, 2006.

<u>/s/         David   RHerndon</u>
**United States District Judge**